PROBATE COURT OF WESTERLY *vs.* WILLIAM J. POTTER *et al.*

WASHINGTON—JULY 1, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Probate Law and Practice.   Actions on Bonds.*

An action upon a bond in the name of a Probate Court, under Gen. Laws cap. 220, § 21, is not demurrable because the writ was issued at the instance of more than one party interested.

(2)  *Probate Law and Practice.   Action on Bond of Executor.*

Gen. Laws cap. 220, § 34, providing that suit on the bond may be brought if the executor, after being cited by the court so to do, shall neglect to account, is not inconsistent with Gen. Laws cap. 218, § 15, which relates to an unpaid legacy after accounting ; nor with section 29, providing for an action of account by residuary legatees, which expressly provides that the remedy shall be without prejudice to any other remedy.

ACTION ON BOND under Gen. Laws cap. 220, § 21.   Heard on demurrer, and demurrer overruled.

(1)    PER CURIAM.   The court sees no ground for demurrer because the writ was issued at the instance of more than one party interested.   If one party interested may institute a suit, certainly more than one party can do so.   The singular includes the plural.   Gen. Laws cap. 26, § 3.

(2)    All the other specifications of demurrer are sufficiently covered by Gen. Laws cap. 220, § 34, which provides that suit on the bond may be brought if the executor, after being

cited by the court so to do, shall neglect to account. This is not inconsistent with Gen. Laws cap. 218, § 15, because that relates to an unpaid legacy after accounting; and section 29, providing for an action of account by residuary legatees, expressly says that the remedy shall be without prejudice to any other remedy. The demurrer is to the declaration generally, and, as under Gen. Laws cap. 220, § 34, the bond may be sued after citation and failure to account, a cause of action is stated.

Demurrer overruled.

*A. B. Crafts and O. H. Williams*, for plaintiff.
*Thos. H. Peabody*, for defendants.